<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LENDBERGH HOBSON and SHANEL HOBSON,<br><br>                    Plaintiffs,<br><br>              v.<br><br>DOUBLE TREE SUITES BY HILTON PHILADELPHIA,<br><br>                    Defendant. | Case No. 2:20-cv-06362 (BRM) (CLW)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion to Dismiss (ECF No. 16) filed by Defendant Double Tree Suites by Hilton Philadelphia ("Defendant") seeking to dismiss *pro se* Plaintiffs Lendbergh Hobson and Shanel Hobson's ("Plaintiffs") Amended Complaint (ECF No. 15) pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Plaintiffs oppose the motion. (ECF No. 19.) Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Defendant's Motion to Dismiss (ECF No. 16) is **GRANTED** and Plaintiffs' Amended Complaint (ECF No. 15) is **DISMISSED with PREJUDICE**.

**I.     BACKGROUND**

For the purposes of this Motion to Dismiss, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to Plaintiffs. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory*

*Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

This matter arises from Plaintiffs' stay at Defendant's hotel during an undisclosed time (ECF No. 15.)[1] From what the Court can draw from the Amended Complaint, Plaintiffs are asserting a negligence claim against Defendant for damages stemming from "bed bug bites," that "affect[ed] [their] stay." (*Id.* ¶ 6.) Plaintiffs contend Defendant had a "duty to warn" Plaintiffs of possible bed bug infestation that ultimately led to Plaintiffs' "damages." (*Id.*) Plaintiffs assert the Court has jurisdiction on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.

On May 27, 2020, Plaintiffs filed this action. (ECF No. 1.) On October 1, 2020, Defendant filed a motion to dismiss. (ECF No. 11.) On September 22, 2020, following a Request for Status Conference and Proof of Service from Lendbergh Hobson (*see* ECF No. 7) the Court reviewed the Complaint "and letters filed thereafter, which indicate Plaintiffs are alleging negligence" over a defendant "whose citizenship is not alleged and damages in the amount of $25,000," and determined the Complaint was "insufficient for the Court to retain jurisdiction over the matter." (ECF No. 9) As such, the Court ordered Plaintiff to show cause in writing "why this matter should not be dismissed for lack of subject matter jurisdiction." (*Id.*) On October 13, 2020, following a Response to the Order to Show Cause by Lendbergh Hobson (ECF No. 12), the Court granted Plaintiffs' request to amend the complaint which the Court ordered "shall sufficient[ly] set forth the Court's basis for jurisdiction over the case and defendants." (ECF No. 14.) On October 30, 2020, Plaintiffs filed the Amended Complaint. (ECF No. 15.) On November 4, 2020, Defendant

---

[1] According to Plaintiffs' first complaint, Plaintiffs stayed at Defendant's hotel on May 23, 2018. (*See* ECF No. 1.)

2

filed the Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), or alternatively, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 16.) On December 7, 2020, Plaintiffs filed an opposition. (ECF No. 19.)

## II.  LEGAL STANDARD

In considering dismissal for lack of subject matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief but rather on whether the court has jurisdiction to hear the claim and grant relief. *Maertin v. Armstrong World Industries, Inc.*, 241 F. Supp. 2d 434 (D.N.J. 2002).

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack "challenges the subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id*. (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id*. (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). A "factual challenge allows a court [to] weigh and consider evidence outside the pleadings." *Id*. (citation omitted). Therefore, when a factual challenge is made, "no presumptive truthfulness attaches to [the] plaintiff's allegations." *Id*. (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Rather, "the plaintiff will have the burden of proof that jurisdiction does in fact exist," and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*.

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis*, 824 F.3d at 348–49 (collecting cases). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id*. at 350 (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)). "In this vein, when a case raises a disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id*. (citing *Mortensen*, 549 F.2d at 892 (holding that dismissal under Rule 12(b)(1) would be "unusual" when the facts necessary to succeed on the merits are at least in part the same as must be alleged or proven to withstand jurisdictional attacks)). These cases make clear that "dismissal via a Rule 12(b)(1) factual challenge to standing should be granted sparingly." *Id*.

Here, the Court *sua sponte* considers a facial 12(b)(1) challenge before reaching the merits of the pending motion. Therefore, the Court considers the allegations in the light most favorable to Plaintiffs. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen*, 549 F.2d at 891.

### III. DECISION

While no party challenges the Court's subject matter jurisdiction over this litigation, "federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Hartig Drug Co. v. Senjuu Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). Therefore, before considering the parties' arguments on whether the Court has personal

jurisdiction over this litigation or on the merits of Plaintiffs' claims, the Court must first be satisfied it has subject matter jurisdiction over this action. *Wyrough & Loser, Inc. v. Pelmor Labs., Inc.*, 376 F.2d 543, 547 (3d Cir. 1967) (citing *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (3d Cir. 1963)). Indeed, "federal courts are courts of limited jurisdiction [and] possess only that power authorized by the Constitution and statute[.]" *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *United States v. Merlino*, 785 F.3d 79, 82 (3d Cir. 2015) (quoting *Kokkonen*, 511 U.S. at 377)). Consequently, when a federal court finds that it lacks jurisdiction over an action, "the only function remaining . . . is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *see Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 219 (3d Cir. 2012); Fed. R. Civ. P. 12(h)(3); *Multicultural Radio Broad., Inc. v. Korean Radio Broad., Inc.*, Civ. A. No. 15-1961, 2017 WL 436250, at *2 (D.N.J. Jan. 31, 2017). Here, the jurisdictional allegations of Plaintiffs' Amended Complaint are far from clear. However, because Plaintiffs are acting *pro se*, the Court has carefully examined the Amended Complaint and other submissions to determine whether any basis for federal court subject matter jurisdiction exists in this case. Plaintiffs here appear to base subject matter jurisdiction on both federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Therefore, the Court will address both grounds for subject matter jurisdiction now.

   **A.**   **Federal Question Jurisdiction**

   A district court has federal question jurisdiction in any case where a plaintiff with standing makes a non-frivolous allegation that he or she is entitled to relief because the defendant's conduct violated the United States Constitution or a federal statute. *Growth Horizons, Inc. v. Delaware*

*County, Pennsylvania*, 983 F.2d 1277, 1281 (3d Cir. 1993); *Tornabene v. Target Corp.*, Civ. A. No. 08-948, 2008 WL 11381586, at *1 (D.N.J. May 5, 2008) (citing 28 U.S.C. § 1331). If jurisdiction is based on a federal question, the pleader claiming federal jurisdiction simply must show that the federal claim is not frivolous. *Radeschi v. Commonwealth of Pennsylvania*, 846 F. Supp. 416, 419 (W.D. Pa. 1993) (citing *Bartholomew v. Librandi*, 737 F. Supp. 22, 23 (E.D. Pa.)), *aff'd*, 919 F.2d 133 (3d Cir. 1990). While Plaintiffs have listed 42 U.S.C. § 1983 in support of their invocation of federal question jurisdiction, it is apparent from the face of the Amended Complaint that this statute is not implicated by the allegations and that the Amended Complaint fails to present a non-frivolous federal claim.

42 U.S.C § 1983 applies only to state actors. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Despite Plaintiffs' contention,[2] Defendant is not a state actor. *Parr v. Colantonio*, 844 F. App'x 476, 479 (3d Cir. 2021) (where plaintiff failed to demonstrate private entity was a state actor, plaintiff's Section 1983 claim would be dismissed); *Marinari v. Trump Plaza Hotel & Casino, Sec. Second Shift*, Civ. A. No. 11-7172, 2012 WL 2087735, at *4 (D.N.J. June 8, 2012) (noting that "regardless of applicable state licenses, hotels are not state actors"); *Bond v. State Farm Ins. Co.*, Civ. A. No. 1:18-00176, 2019 WL 1493698, at *5 (W.D. Pa. Apr. 4, 2019). As such, Plaintiffs do not state any claim that arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

---

[2] Plaintiffs contend in their opposition that Defendant, along with its attorney, are "state actors" because of their involvement in the "regulations of the hotel industry as a provision for housing, the regulation of the insurance industry, and the regulation of the attorneys that represent all the above." (ECF No. 19 at 8.)

**B.     Diversity of Citizenship**

The principle federal statute governing diversity jurisdiction, 28 U.S.C. § 1332(a), provides in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between [] (1) citizens of different states . . . . "

In the present case, diversity of citizenship between the parties is not questioned. Rather, at issue, which the Court raises *sua sponte*, is whether the damages amount alleged in the Amended Complaint exceeds the $75,000 jurisdictional threshold. The Court finds that it does not. In determining whether the claim exceeds this threshold, the Court must assess "the value of the rights being litigated," *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993), or "the value of the object of the litigation." *Hunt v. Wash. State Apple Advers. Comm'n*, 432 U.S. 333, 347 (1977); *see also Coregis Ins. Co. v. Schuster*, 127 F. Supp. 2d 683, 686 (E.D. Pa. 2001) (quoting 14B C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure 77 (3d ed. 1998)) ("It is well-settled by numerous judicial decisions . . . the amount in controversy for jurisdiction purposes is measured by the direct pecuniary value of the right that the plaintiff seeks to enforce or protect or the value of the object that is the subject matter of the suit."). If it appears from the pleadings or other evidence to a "legal certainty that the claim is really for less" than that required for diversity jurisdiction, and the plaintiff cannot refute the evidence, the action should be dismissed. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938); *Nelson v. Keefer*, 451 F.2d 289 (3d Cir. 1971); *Bizzarro v. First Nat'l Bank*, Civ. A. No. 1:18-173, 2019 WL 1043257, at *3 (W.D. Pa. Mar. 5, 2019), *aff'd*, 804 F. App'x 190 (3d Cir. 2020).

Here, on the face of the Amended Complaint, Plaintiffs claim "the defendant owes $75,001. Wherefore as to the collective plaintiffs, defendant owes and should pay minimally $75,001, the

7

statutory amount to end this matter without further proceedings or $400,000 for this matter to go through full litigation." (ECF No. 15 ¶ 7.) The amount in controversy is measured "by a reasonable reading of the value of the rights being litigated." *Id.* (citations omitted). As the party invoking the Court's jurisdiction, Plaintiffs have "the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $ 75,000." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (citing *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 506–07 (3d Cir. 2014)). This burden, however, is "not especially onerous." *Id.*

In *St. Paul Mercury*, the Supreme Court prescribed the standard for determining whether a plaintiff's claims satisfy the amount in controversy requirement as follows:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear ***to a legal certainty*** that the claim is really for less than the jurisdictional amount to justify dismissal.

*Id.* at 288–89 (emphasis added) (footnotes omitted).

In applying the "legal certainty" test established by *St. Paul Mercury*, the Court of Appeals has instructed that "dismissal is appropriate only if the federal court is certain that the jurisdictional amount cannot be met." *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995). In other words, the court retains jurisdiction unless a plaintiff's claims are facially "insubstantial" to satisfy the amount in controversy requirement. *Lunderstadt v. Colafella*, 885 F.2d 66, 69–70 (3d Cir. 1989) (quoting *Hagans v. Lavine*, 415 U.S. 528, 542 n.10 (1974)). "Accordingly, the question whether a plaintiff's claims pass the 'legal certainty' standard is a threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims." *Id.* Stated differently, the controlling issue, therefore, is whether a reasonable reading of the Amended Complaint shows that the value of Plaintiffs' claim exceeds $75,000.00. *Angus*, 989

F.2d 142 at 146. "[T]he rule for determining whether the case involves the requisite amount is whether 'from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount.'" *Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d, 392, 392 (3d Cir. 2004); *Dolin v. Asian Am. Accessories, Inc.*, 449 F. App'x 216, 219 (3d Cir. 2011) (affirming the district court's dismissal on jurisdictional grounds and providing that "[a]lthough we generally accept good faith claims in calculating the amount in controversy, we are permitted to disregard a claim for jurisdictional purposes if, 'from the proofs,' it is a 'legal certainty' that a plaintiff is not entitled to recover on a particular claim"). At this juncture, it is entirely unclear as to whether the Amended Complaint sufficiently alleges an amount in controversy in excess of $75,000.

Indeed, the Court finds it extremely unlikely that the amount of controversy will exceed $75,000. Plaintiffs have alleged nothing more than their stay was affected by bed bugs. (ECF No. 15 at 2.) The extent to which they were impacted or harmed is entirely absent from the face of the Amended Complaint. The Third Circuit makes clear, "estimations of the amounts recoverable must be realistic" and that an estimate of damages "should be objective and not based on fanciful, pie-in-the-sky, or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." *Samuel-Bassett*, 357 F.3d at 403; *see also Nelson*, 451 F.2d at 295 (lamenting federal courts' reluctance to scrutinize the amount in controversy requirement and noting that this reluctance contributes to "clogging dockets, monopolizing trial rooms, and committing the expense and energies of our system to a plethora of cases which do not belong in federal courts"); *see Blankenship v. Xlibris Corp.*, Civ. A. No. 06-709, 2007 WL 2713219, at *2 (E.D. Pa. Sept. 14, 2007).

Critically, because the Court gave Plaintiffs an opportunity to amend the complaint and "sufficient[ly] set forth the Court's basis for jurisdiction over the case and over the defendants," (ECF No. 14) and Plaintiffs have still been unable to establish the requisite subject matter jurisdiction, the Court must dismiss the Amended Complaint with prejudice. *See Credico v. CEO Idaho Nat. Lab'y*, 461 F. App'x 78, 79 (3d Cir. 2012) (affirming district court's dismissal of plaintiff's complaint "without . . . leave to amend as any amendment would have been futile"); *Redmond v. Fresh Grocers Store*, 402 F. App'x 685, 686 (3d Cir. 2010) (same); *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *IpVenture Inc. v. Lenovo Grp. Ltd.*, Civ. A. No. 11-588, 2013 WL 126276, at *3 (D. Del. Jan. 8, 2013) (choosing to dismiss claims with prejudice after dismissing the same allegations without prejudice in an earlier action because it was "clear that [p]laintiff cannot satisfactorily amend its [c]omplaint"); *Potter v. City of Chester*, Civ. A. No. 12-2058, 2012 WL 5464970, at *8 (E.D. Pa. Nov. 9, 2012) (recognizing that Rule 15 of the Federal Rules of Civil Procedure allows a plaintiff "to request leave to amend a complaint" which "must be permitted . . . unless it would be inequitable or futile").

Accordingly, Plaintiffs' Amended Complaint is **DISMISSED with PREJUDICE**.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED** and Plaintiffs' Amended Complaint is **DISMISSED with PREJUDICE.** An appropriate order follows.

Dated: July 30, 2021

                                            */s/ Brian R. Martinotti*
                                            **BRIAN R. MARTINOTTI**
                                            **UNITED STATES DISTRICT JUDGE**